## No. 10,140.

### THE STATE OF LOUISIANA VS. M. S. POWELL ET AL.

When, after the evidence in a case is closed and the argument begun, one of the parties discovers new evidence, the effect of which is to furnish a new ground of defense and presents an affidavit of its new discovery and of due diligence, and when it is apparent that it would furnish ground for a new trial, the discretion of the judge in opening the case and permitting a supplemental answer and offering of the evidence under it, will not be interfered with.

Under Art. 69 of the Constitution, the term of an officer appointed by the governor during the recess of the Senate, cannot extend beyond the end of the next ensuing session of the legislature; and where the same name is subsequently sent to the Senate and confirmed and a new commission is issued, the latter is a distinct appointment and requires a new bond.

Sureties for the fidelity of an officer appointed for a limited term are not liable for his defaults beyond the term of the appointment or commission under which the bond was furnished.

Provisions of law authorizing officers to hold over until their successors are appointed and qualified, can only extend the liability of the sureties for such reasonable time as, with due diligence, would enable the successor to be appointed and qualified.

APPEAL from the Eighth District Court, Parish of East Carroll. *Deloney*, J.

*C. S. Wyly* and *W. G. Wyly*, for Plaintiff and Appellant.

*J. W. Montgomery, J. M. Kennedy* and *F. F. Montgomery,* for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J. The action is against the principal and sureties on an official bond of M. S. Powell, as tax collector for the State and parish, executed on May 26, 1880.

Powell having died shortly after the bringing of the suit, his succession was made a party. By a written consent, which fully reserved all the rights and defenses of the sureties, the case went to separate trial against the succession of Powell, resulting in a judgment in favor of the plaintiff.

The sureties filed general and various special defenses upon which trial was begun. After the evidence had been closed and in course of

16

the argument, the defendant sureties applied to the court for leave to file a supplementary answer setting forth that M. S. Powell was appointed sheriff and *ex-officio* tax collector during a recess of the Senate, to fill a vacancy, and was commissioned thereunder; that under the terms of the constitution of the State said appointment and commission could not extend beyond the end of the ensuing session of the General Assembly; that the bond sued on was executed under said appointment and commission; that subsequently, at said ensuing session, the Governor nominated the said Powell as such officer for the full unexpired term, and sent said nomination to the Senate, by which body it was duly confirmed, and that thereafter, on the 19th day of December, 1881, a new commission was issued to said M. S. Powell, under which he qualified by taking the oath. The said commission and oath of office were annexed.

The application further set forth that said facts had been discovered on that morning, and were not before known to the defendants; notwithstanding due diligence that they did not make the application for delay, but only to obtain justice.

The judge permitted the answer to be filed and the commission and oath to be received in evidence, over the objection of plaintiff's counsel, who reserved exception to the ruling.

That exception is vehemently pressed in this Court; but we think it has no substantial merit. It was obvious that if the newly-discovered evidence and the defense based thereon had merit, it would be ground for a new trial. What advantage could result to either party from proceeding with a vain trial, which, if terminating adversely to defendants, would certainly have to be reopened in order to let in the newly-discovered evidence?

The diligence and good faith of defendants are not questioned, nor is the truth of the facts presented by them disputed.

On the contrary, we find in the record the following admission: "It is admitted that M. S. Powell was first appointed and commissioned sheriff (*ex-officio* tax collector) to fill a vacancy, during the recess of the Senate, and that the bond sued on in this case was given under said commission."

If plaintiff were surprised by this new issue and evidence, and desired opportunity to furnish any countervailing proof, he would have been undoubtedly entitled to a continuance; but he applied for none, nor is it pretended that any benefit would have been derived from one. We are not disposed to encourage loose practice; but, under the circumstances of this case, we do not feel authorized to interfere with

the large discretion vested in inferior courts in such matters, the exercise of which in the present instance seems to us to have been wise and promotive of the ends of justice and a safe and speedy termination of the controversy between the parties.

For reasons which will be more fully presented in another case (No. 10,141), decided this day, we consider that the original defenses of the defendants have no merit, and the defense above referred to is the only one now requiring examination.

Article 69 of the Constitution provides : " The Governor shall have power to fill vacancies that may happen during the recess of the Senate, in cases not otherwise provided for in this constitution, by granting commissions which shall expire at the end of the next session ; but no person who has been nominated for office and rejected, shall be appointed to the same office during the recess of the Senate. The failure of the Governor to send into the Senate the name of any person appointed for office, as herein provided, shall be equivalent to rejection."

Under this article the Governor appointed and commissioned Powell, and the bond sued on was furnished. That commission could not possibly extend beyond the end of the next session of the General Assembly ; but having been subsequently nominated and confirmed by the Senate, Powell received a new commission, and took a new oath, under which he continued to exercise the duties of the office until June 16, 1884, but without furnishing a new bond.

The suit in this case is for taxes collected and not accounted for between the date of the bond, May 20, 1880, and June 16, 1884.

The question is whether defendants are liable except for moneys collected during the term of the commission under which the bond was furnished, which was limited to the end of the ensuing session of the legislature, to-wit: December 24, 1881.

The question is by no means new. From the time of Lord Hale it has been presented to courts in every variety of aspect, and it has been held uniformly that sureties for the fidelity of an officer, appointed for a limited term, are not liable for his defaults beyond the term of the appointment or commission under which the bond was furnished; and this is not affected by the fact that the terms of the bond are not so restricted or that the officer continues in office as his own successor without furnishing a new bond.

The first and leading case was that of Arlington vs. Merricke, 3 Saund. 403, where one had been appointed as deputy postmaster for the term of six months, and furnished a bond with the broadest possi-

ble condition that he should faithfully perform "for and during all the time" that he should continue as deputy. He continued beyond the six months, and effort was made to hold him for subsequent defaults; but Lord Hale rejected the claim holding that the sureties only intended to bind themselves for the original term of his appointment. and that, otherwise, they might be held accountable during the whole life of the principal.

A case strikingly similar to the instant one came before the Supreme Court of the United States. Under a provision of the U. S. Statutes, almost identical with Art. 69 of our Constitution, the President was authorized, in the recess of the Senate, to make appointments by granting commissions to expire at the end of the next session. The President so appointed Samuel Reed, who qualified and furnished bond. At the ensuing session the President sent his name to the Senate and after his confirmation issued a new commission, after which he continued in office, but without furnishing a new bond. It was claimed that this was one continuing appointment, the second commission operating only as a continuation of the first; but the Court, through Mr. Justice Story, held otherwise, and that the obligatory force of the bond was confined to acts done while the first commission had a legal continuance and could not go beyond it. United States vs. Kirpatrick, 9 Wheat, 720.

We have carefully considered the cases of Shepherd vs. Haralson, 16 Ann. 134, and Kelly vs. Gilly, 5 Ann. 534, but do not find them in conflict with the foregoing. In the first mentioned case it is expressly stated: "The 48th Article of the Constitution of 1852" (corresponding to Art. 69 of our present Constitution) "on the subject of vacancies, has no application to the case at bar. There was no vacancy in the office at the date of Haralson's recess appointment."

This clearly indicates that the decision was not intended to apply to cases arising under that article.

In the 5th Annual case the Art. 51 of the Constitution of 1845 was not referred to, and the decision was confined to the peculiar case of notaries. The decision was that under the laws regulating that office, "every person appointed a notary is entitled to hold office for four years from the date of his appointment," without reference to the question of vacancies or to the length of the unexpired term of his predecessor.

It would require a very unequivocal precedent to justify us in holding that an appointment and commission, which the Constitution positively says "shall expire at the end of the next session," could be held

as continuing for a longer term. The argument in the Kirkpatrick case is applicable and unanswerable.

It has been further frequently held that the liability of the surety is not extended by provisions of law to the effect that the officer continues in office until his successor is qualified. It is the duty of the State to appoint his successor and to require him to qualify, and in case he fails to appoint some one who will. It cannot, by neglecting these duties and suffering an incumbent to hold on, prolong the liability of the sureties beyond the term contemplated in their bond. Mayor vs. Crowell, 40 N. J. Law, 207; Mayor vs. Horn, 2 Harr. Delaware, 190; Commissioners vs. Greenwood, 1 Desauss. S. C. 450; Chelmsford vs. Demarest, 1 Gray, (Mass.) 1; Leadley vs. Evans, 2 Bing. 32; Liverpool Co. vs. Harpley, 6 East, 507; Peppin vs. Cooper, 2 B. and A., 431; Bigelow vs. Bridge, 8 Mass. 275.

The four cases first above cited from New Jersey, Delaware, South Carolina and Massachusetts, examine these questions very closely and dispose of every point made by plaintiff.

Possibly, as held in 40th New Jersey, the liability under the bond might be held to extend to such reasonable period beyond the term of office as would enable a successor, in the exercise of due diligence, to be appointed and qualified. But in this case there was no diligence and no effort whatever to require proper qualification by the furnishing of a new bond.

We, therefore, hold that defendants are only responsible for taxes collected and not accounted for between the dates of May 20, 1880, and December 24, 1881.

The evidence in the case does not enable us to ascertain with certainty the amount so due, and we shall remand the case on that ground.

A special ground of defense is presented by Mrs. Bettie Jenckins, administratrix of the succession of D. C. Jenckins, one of the sureties. The suit was undoubtedly against the succession of Jenckins, but it was alleged that Mrs. Jenckins "was administering the succession as natural tutrix of his minor child," and citation was served on her. She appeared with all the other sureties and joined in the answer. On the trial she offered evidence showing that she had been duly appointed and qualified as administratrix and was not administering as natural tutrix. We think the point has no merit. The suit was against the succession; she was alleged to be administering it; she was actually its administratrix; and having been cited and having

answered, we think she made the succession a party, with full authority to represent it; and cannot avail herself of a mere misdescription of the title under which she administered, which was not excepted to.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the case be remanded to the lower court to be there proceeded with according to law and to the views herein expressed, appellees to pay costs of appeal.